UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO PINA,<br><br>                            Petitioner,<br>      v.<br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                            Respondents. | Civil No.   09-0178 LAB (PCL)<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

      Petitioner, a state prisoner proceeding pro se, has paid the $5.00 filing fee and has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

**FAILURE TO NAME PROPER RESPONDENT**

      Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

      The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a

1  petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall
2  be the state officer who has official custody of the petitioner (for example, the warden of the
3  prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

4  A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of]
5  habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The
6  actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v.*
7  *Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of
8  habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the
9  body" if directed to do so by the Court. "Both the warden of a California prison and the Director
10 of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d
11 at 895.

12 Here, Petitioner has incorrectly named "The People of the State of California," as
13 Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must
14 name the warden in charge of the state correctional facility in which Petitioner is presently
15 confined or the Director of the California Department of Corrections. *Brittingham v. United*
16 *States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

17 **FAILURE TO SIGN PETITION**

18 In addition, Rule 2(c) of the Rules Governing Section 2254 Cases provides that "[t]he
19 petition shall be typewritten or legibly handwritten and <u>shall be signed under penalty of perjury</u>
20 <u>by the petitioner</u>." Rule 2(c), 28 U.S.C. foll. § 2254 (emphasis added). Here, Petitioner has
21 failed to sign the Petition and the petition must therefore be dismissed.

22 **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

23 Further, habeas petitioners who wish to challenge either their state court conviction or the
24 length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C.
25 § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Ordinarily, to satisfy the
26 exhaustion requirement, a petitioner must "fairly present[] his federal claim to the highest state
27 court with jurisdiction to consider it . . . or . . . demonstrate[] that no state remedy remains
28 available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Picard v. Connor*, 404

1  U.S. 270, 275 (1971); *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  Moreover, to properly
2  exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or
3  her federal rights have been violated.  For example, "[i]f a habeas petitioner wishes to claim that
4  an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed</u>
5  <u>by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state
6  court."  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)(emphasis added).

7      Nowhere on the Petition does Petitioner allege that he raised his claims in the California
8  Supreme Court.  In fact, he specifically indicates he did not seek review in the California
9  Supreme Court as to claims two, three and four.  (*See* Pet. at 7-9.)  If Petitioner has raised his
10  claims in the California Supreme Court he must so specify.

11      Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death
12  Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ
13  of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation
14  period shall run from the latest of:

15      (A) the date on which the judgment became final by the
   conclusion of direct review or the expiration of the time for seeking
16  such review;

17      (B) the date on which the impediment to filing an application
   created by State action in violation of the Constitution or laws of the
18  United States is removed, if the applicant was prevented from filing
   by such State action;
19
       (C) the date on which the constitutional right asserted was
20  initially recognized by the Supreme Court, if the right has been
   newly recognized by the Supreme Court and made retroactively
21  applicable to cases on collateral review; or

22      (D) the date on which the factual predicate of the claim or
   claims presented could have been discovered through the exercise
23  of due diligence.

24  28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

25      The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition
26  is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).
27  *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'
28  when its delivery and acceptance [by the appropriate court officer for placement into the record]

1 | are in compliance with the applicable laws and rules governing filings."). However, absent some
2 | other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is
3 | pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).
4 |     Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a
5 | habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to
6 | it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll.
7 | § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal
8 | habeas relief because he has not alleged exhaustion of state court remedies.

### CONCLUSION

10 |     For the foregoing reasons, the Court **DISMISSES** the Petition without prejudice and with
11 | leave to amend. To have this case reopened, Petitioner must, **no later than <u>April 7, 2009</u>**, file
12 | a First Amended Petition which cures the pleading deficiencies outlined in this Order. **THE**
13 | **CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK FIRST**
14 | **AMENDED PETITION FORM WITH A COPY OF THIS ORDER.**
15 |     **IT IS SO ORDERED.**
16 | DATED: February 3, 2009

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge